IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MARCELLUS DWAIN WILLIAMS,**

      **Plaintiff,**

v.                                                                  Case No. 3:17-cv-04254

**WEST VIRGINIA REGIONAL**
**JAIL OFFICER THOMPSON (FNU);**
**WESTERN REGIONAL JAIL; and**
**WEST VIRGINIA REGIONAL JAIL**
**AUTHORITY,**

      **Defendants.**

### PROPOSED FINDS OF FACT AND RECOMMENDATIONS

On November 1, 2017, Plaintiff Marcellus Dwain Williams ("Williams"), proceeding *pro se*, and then incarcerated at the Western Regional Jail in Barboursville, West Virginia, filed a complaint against the defendants under 42 U.S.C. § 1983. (ECF No. 2.) Currently pending are Williams's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and an initial screening of the complaint under 28 U.S.C. § 1915. This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly reviewed Williams's allegations, the undersigned **FINDS** that the complaint fails to state a claim upon which relief may be granted. Therefore, the undersigned **GRANTS** Williams's Application to Proceed *in forma pauperis*, but **RECOMMENDS** that the presiding

District Judge **DISMISS** the complaint, **with prejudice,** and **REMOVE** this matter from the docket of the Court.

## I.     Relevant Facts

Williams alleges that on October 12, 2017, while he was an inmate at the Western Regional Jail, he was instructed by a correctional officer to go stand by a gate with other inmates. (ECF No. 2 at 4). As Williams was walking to the gate, a second correctional officer, Defendant Thompson, made a racial slur to and about Williams, who is African-American. (*Id.* at 4-5). According to Williams, Defendant Thompson's hateful comment was recorded by the communication box at F-Tower and by the F-hallway box near the gate. Williams seeks monetary compensation in the amount of $500,000. (*Id.* at 5).

## II.    Screening Standard

Pursuant to the provisions of 28 U.S.C. § 1915, a court must screen each case in which a prisoner seeks to proceed *in forma pauperis*. The court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant "who is immune from such relief." 28 U.S.C. § 1915. A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Denton v. Hernandez,* 504 U.S. 25 (1992). Likewise, a complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

The Supreme Court further clarified the "plausibility" standard in *Ashcroft v.*

*Iqbal,* 556 U.S. 662, 678-79 (2009), stating that the Court is required to accept as true the factual allegations asserted in the complaint, but is not required to accept the legitimacy of legal conclusions that are "couched as . . . factual allegation[s]." *Id.* at 678 (quoting *Bell Atlantic* Corp, 550 U.S. at 554). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679.

Williams has filed his complaint *pro se*, and courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for her, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>Discussion</u>

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege or immunity and (2) that the official did so under color of State law. 42 U.S.C. § 1983; *see also Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL

3893792 (D.S.C. Sept. 8, 2010). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983.

In this case, Williams complains that he was the victim of racist, verbal harassment by Defendant Thompson. The law is well-settled that verbal abuse of inmates by correctional officers, without more, does not give rise to a constitutional claim under § 1983. *See Tokley v. Ratliff,* No. CIV A 707CV00109, 2007 WL 1046955, at *1 (W.D. Va. Apr. 3, 2007) (citing *Morrison v. Martin,* 755 F. Supp. 683, 687 (E.D.N.C. 1990); *also Owens v. Vanmeter,* No. CIV.A. RWT-09-1780, 2010 WL 817315, at *5 (D. Md. Mar. 4, 2010) ("The use of racist epithets, while offensive, is not actionable under 42 U.S.C. § 1983.") (collecting cases); *Keyes v. City of Albany,* 594 F.Supp. 1147, 1155 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim."); *Burdos v. Canino*, 641 F. Supp. 2d 443, 455 (E.D. Pa. 2009) ("threats and offensive language are not actionable under § 1983"); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) (holding that verbal taunts and racial slurs do not give rise to liability under § 1983); *Haywood v. Gifford*, No. 1:17-CV-398, 2017 WL 5633316, at *4 (S.D. Ohio Oct. 4, 2017), *report and recommendation adopted,* No. 1:17-CV-398, 2017 WL 5598167, at *4 (S.D. Ohio Nov. 21, 2017) ("[I]t is well-settled that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief.") (citing *Wingo v. Tennessee Dep't of Corp.*, 499 Fed. Appx. 453, 455 (6th Cir. 2012)); *Black Spotted Horse v. Else,* 767 F.2d 516, 517 (8th Cir. 1985) (holding that the use of racially offensive language in dealing with a prisoner does not, by itself, state a constitutional claim); *and Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (noting that verbal harassment or abuse is not sufficient to state a § 1983 claim).

4

Accordingly, the undersigned **FINDS** that Williams's complaint is limited to an allegation of verbal harassment, which, while objectionable, fails to state a claim for which relief may be granted.

### IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the proposed findings and **RECOMMENDS** that Plaintiff's Complaint, (ECF No. 2) be **DISMISSED, with prejudice,** and this civil action be **REMOVED** from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three additional days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding district judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

5

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff.

**FILED:** February 13, 2018

Cheryl A. Eifert
United States Magistrate Judge